# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57893-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ANTHONY EDWIN BOYD, | |
| Appellant. | |

MAXA, J. – Anthony Boyd appeals the post-conviction domestic violence no-contact order issued following his conviction for a felony violation of a no-contact order.  He argues, and the State concedes, that the no-contact order contains a scrivener's error because the trial court intended the order to be in effect for two years and the order states that it is in effect for five years.  We agree and remand for the trial court to correct the scrivener's error in the domestic violence no-contact order.

## FACTS

In January 2023, a jury convicted Boyd of violating a no-contact order.  The State requested that the trial court impose a two-year post-conviction no-contact order prohibiting

contact between Boyd and the previously protected party. The court agreed that a two-year no-contact order was appropriate.

The trial court entered a judgment and sentence containing a provision prohibiting Boyd from contact with the protected party for two years. The judgment and sentence also stated that a separate post-conviction no-contact order was filed with the judgment and sentence.

The separate post-conviction domestic violence no-contact order stated that the order expired two years from the date of entry. But a check-box on the order stated that the order expired five years from the date of entry.

Boyd appeals the domestic violaence no-contact order.

ANALYSIS

Boyd argues that the check-box on the post-conviction domestic violence no-contact order stating that the order expires in five years is a scrivener's error and that this matter should be remanded to correct the scrivener's error. The State concedes that this is a scrivener's error and does not oppose remand for correction of the error.

The record clearly shows that the trial court intended to impose a two-year post-conviction no-contact order and that the court checked the five-year check box in error. Accordingly, we remand for the trial court to correct the scrivener's error in the post-conviction domestic violence no-contact order.

No. 57893-0-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, J.

CRUSER, J.

3